# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TPI HOLDINGS, INC., and TRADER PUBLISHING COMPANY </br></br> Plaintiffs, </br></br> v. </br></br> JOSH BOND d/b/a/ RAINFOREST CONSULTING, INC. </br></br> Defendant. | Civil Action No. 3:06-0104 </br> Judge Trauger </br> JURY DEMAND |

## ANSWER AND COUNTERCLAIM
## FOR DECLARATORY RELIEF
## AND TO CANCEL TRADEMARK REGISTRATIONS AND APPLICATION

Josh Bond d/b/a/ Rainforest Consulting, Inc. (misnamed in the Complaint as "Rainforest Consulting, Inc. and Josh Bond d/b/a Rainforest Consulting, Inc.") ("Defendant"), in answer to Plaintiffs-Counter Defendants TPI Holdings, Inc. and Trader Publishing Company (collectively, "Plaintiffs") and in support of Defendant's Counterclaim for Declaratory Relief and To Cancel Trademark Registrations and Application, alleges as follows:

### Nature of the Action

1.  Paragraph 1 of the Complaint does not contain any factual assertions that require a response. To the extent that paragraph 1 of the Complaint does contain factual assertions, they are denied.

### Jurisdiction and Venue

2.  The allegations contained in paragraph 2 of the Complaint are admitted.

3. It is admitted that this Court has personal jurisdiction over Defendant. All other allegations contained in paragraph 3 of the Complaint are denied.

4. The allegations contained in paragraph 4 of the Complaint are admitted.

## Parties

5. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore the allegations are denied.

6. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7. Defendant is doing business as Rainforest Consulting, Inc. with a principal place of business located at 1834 Baker Road, Goodlettsville, Tennessee 37072. All other allegations contained in paragraph 7 of the Complaint are denied.

8. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies the same, including, without limitation, the allegation that the common words and phrases depicted in capital letters are, in fact, trademarks.

9. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 19 of the Complaint and therefore denies the same.

20. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint and therefore denies the same.

21. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

25. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint and therefore denies the same.

26. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

27. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint and therefore denies the same. "Trader" is a generic synonym of "dealer," "broker," "agent," or "merchant." The term "trader" is so widely used in Plaintiffs' industry that the public will never consider it to be a source identifier. The remaining words in the registrations cited by Plaintiffs, "auto," "car," "truck," "pick-up," "boat," "rv," and "yacht" are the objects that are being traded. Plaintiffs have agreed that no claim is made to the exclusive right to use these words, by disclaiming all of them in separate filings with the U. S. Patent and Trademark Office.

### **Defendant's Wrongful Acts**

28. Defendant admits having registered the domain name <cartrader.com> on January 4, 2000. All the other allegations contained in paragraph 28 of the Complaint are denied.

29. The allegations contained in paragraph 29 of the Complaint are denied.

30. Defendant admits operating a website under the <cartrader.com> domain name and that Defendant has changed the site from time to time. Defendant admits that currently, when an internet user types in the <cartrader.com> domain name, the user reaches a site that displays graphic and textual content including a photograph of a portion of a car above the domain name itself, which is displayed all in lowercase letters above the sentence "What you need, when you need it." Defendant admits that the <cartrader.com> website is currently limited to a portal page providing links to automobile-related websites. All other allegations contained in paragraph 30 are denied.

31. The allegations contained in paragraph 31 of the Complaint are denied as stated.

32. The allegations contained in paragraph 32 of the Complaint are denied.

33. The allegations contained in paragraph 33 of the Complaint are denied.

34. The allegations contained in paragraph 34 of the Complaint are denied.

35. Defendant admits that Plaintiffs communicated their objections to Defendant on June 16, 2005, more than five and one half years after Defendant launched the <cartrader.com> website. Defendant denies that Defendant's conduct is unlawful.

## COUNT I
## FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT

36. Defendant re-alleges as though fully set forth herein Defendant's answer to paragraphs 1 through 35.

37. The allegations contained in paragraph 37 of the Complaint are denied.

38. The allegations contained in paragraph 38 of the Complaint are denied.

39. The allegations contained in paragraph 39 of the Complaint are denied.

## COUNT II
## FEDERAL UNFAIR COMPETITION

40. Defendant re-alleges as though fully set forth herein Defendant's answer to paragraphs 1 through 39.

41. The allegations contained in paragraph 41 of the Complaint are denied.

42. The allegations contained in paragraph 42 of the Complaint are denied.

43. The allegations contained in paragraph 43 of the Complaint are denied.

44. The allegations contained in paragraph 44 of the Complaint are denied.

## COUNT III
## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

45. Defendant re-alleges as though fully set forth herein Defendant's answer to paragraphs 1 through 44.

46. The allegations contained in paragraph 46 of the Complaint are denied.

47. The allegations contained in paragraph 47 of the Complaint are denied.

48. The allegations contained in paragraph 48 of the Complaint are denied.

49. The allegations contained in paragraph 49 of the Complaint are denied.

50. The allegations contained in paragraph 50 of the Complaint are denied.

## COUNT IV
## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

51. Defendant re-alleges as though fully set forth herein Defendant's answer to paragraphs 1 through 50.

52. The allegations contained in paragraph 52 of the Complaint are denied.

53. The allegations contained in paragraph 53 of the Complaint are denied.

54. The allegations contained in paragraph 54 of the Complaint are denied.

55. The allegations contained in paragraph 55 of the Complaint are denied.

56. The allegations contained in paragraph 56 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

57. The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

58. Plaintiffs' claims should be dismissed in whole or in part to the extent they are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

59. Plaintiffs are not entitled to maintain this suit or to assert infringement by Defendant, by reason of estoppel by laches and acquiescence. Defendant's domain name and website were in open, continuous, and extensive use by Defendant for more than five and one half years before Plaintiffs notified Defendant of Plaintiff's objections. Upon information and belief, Defendant's use of the domain name was known to Plaintiffs throughout this period. Defendant has detrimentally relied upon Plaintiffs' acquiescence and lengthy delay and has been damaged as a result. For these reasons, Plaintiffs are estopped from alleging that any acts of Defendant now constitute infringement of Plaintiffs' alleged trademark rights.

**FOURTH AFFIRMATIVE DEFENSE**

60. The "TRADER Marks" are all merely descriptive without secondary meaning and/or generic and therefore cannot be enforced or protected as trademarks. The registrations for the "TRADER Marks" were improperly issued by the U.S. Patent and Trademark Office.

61. Additionally, the "TRADER Marks" listed below were applied for after the January 4, 2000, date of registration of <cartrader.com>.

| Trademark | Registration No. | Filing Date |
| --- | --- | --- |
| BIG TRUCK TRADER | 2829945 | 11/19/2002 |
| BOAT TRADERONLINE.COM | 2873930 | 08/11/2003 |
| COLLECTOR CAR TRADERONLINE.COM | 2873929 | 08/11/2003 |
| LUXURY CAR TRADER | 2700080 | 05/14/2002 |
| RV TRADERONLINE.COM | 2876679 | 08/24/2004 |
| TRUCK TRADER | 2817176 | 11/19/2002 |
| TRUCK TRADERONLINE.COM | 2871209 | 08/07/2003 |

**FIFTH AFFIRMATIVE DEFENSE**

62. Plaintiffs' generic and/or merely descriptive "TRADER Marks" do not function as trademarks and may not be protected as such. In the alternative, and solely to the extent this Court may determine one or more of the alleged "marks" does function as a trademark, such designation, comprised entirely of merely descriptive and/or generic and disclaimed matter, will be entitled to only a narrow and limited scope of protection. There can be no likelihood of confusion between the common descriptive phrase "car trader" and the weak and circumscribed phrases claimed by Plaintiffs as trademarks.

## SIXTH AFFIRMATIVE DEFENSE

63. "Car trader" is a common descriptive phrase as evidenced by hundreds of thousands of third party uses in the relevant industry; uses that have not, to Defendant's knowledge, been policed by Plaintiffs. Defendant is using "car trader" not in a trademark sense, but merely in a descriptive sense to describe Defendant's own goods and services. All use of the phrase "car trader" by Defendant constitutes fair use of such phrase.

## SEVENTH AFFIRMATIVE DEFENSE

64. Plaintiffs' attempt to prevent Defendant from using the generic words "car trader" in Defendant's domain name constitutes unfair competition, restraint of trade, and an improper attempt to create a monopoly not only on the generic phrases "car trader" and "auto trader" but also on the generic and/or merely descriptive words and phrases comprising the other "Trader Marks."

WHEREFORE, Defendant denies that Plaintiffs are entitled to the relief prayed for, or any relief, and therefore prays that Plaintiffs' Complaint be dismissed and costs awarded Defendant.

## COUNTERCLAIM FOR DECLARATORY RELIEF AND TO CANCEL TRADEMARK REGISTRATIONS AND APPLICATION

Josh Bond d/b/a Rainforest Consulting, Inc. ("Counter-Plaintiff"), for Counter-Plaintiff's complaint against Plaintiff-Counter Defendant TPI Holdings, Inc., and Trader Publishing Company (collectively, "Counter-Defendants"), alleges as follows:

1. Counter-Plaintiff has a principal place of business located at 1834 Baker Road, Goodlettsville, Tennessee 37072.

2. On information and belief, Counter-Defendants are TPI Holdings, Inc., a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Atlanta, Georgia, and Trader Publishing Company, a general partnership organized under the laws of the Commonwealth of Virginia, having its principal place of business in Norfolk, Virginia. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand and No/100ths ($75,000.00) Dollars. Further, this cause involves claimed rights to a trademark under the laws of the United States. This Court therefore has jurisdiction of this cause pursuant to the provisions of Title 28 U.S.C. §§ 1331, 1332 and 1338.

3. Counter-Plaintiff hereby re-alleges, as fully set forth herein, the allegations and factual averments set forth in Counter-Plaintiff's Answer and Affirmative Defenses.

4. Counter-Plaintiff has used the <cartrader.com> domain name since 2000 to provide the public with services related to the buying and selling of cars. Counter-Plaintiff has a valid and legal right to describe such services by use of the common phrase "car trader." As this action demonstrates, Counter-Plaintiff is likely to be damaged by continued registration of Counter-Defendants' alleged marks in that the registrations impair Counter-Plaintiff's right to use <cartrader.com> as a domain name, and to generic or descriptive use of the common phrase "car trader."

5. Counter-Defendants' registered "TRADER Marks" are descriptive without secondary meaning and/or generic. The registrations for the "TRADER Marks" were improperly issued by the U.S. Patent and Trademark Office. Counter-Defendants,

therefore, are not entitled to continued registration of their alleged trademarks, and are not entitled to exclusive use of these common words and phrases.

6. Since AUTO TRADER is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration Nos. 2390815 AUTO TRADER, 1247037 AUTO TRADER, and 2381590 AUTOTRADER.COM.

7. Since BIG TRUCK TRADER is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration No. 2829945.

8. Since BOAT & RV TRADER is a generic phrase, Counter-Defendants are not entitled to Registration No. 1450690.

9. Since BOAT TRADER is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration Nos. 2389118 and 1208249.

10. Since BOAT TRADERONLINE.COM is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration No. 2873930.

11. Since COLLECTOR CAR TRADER is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration No. 2294233.

12. Since COLLECTOR CAR TRADER ONLINE is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration No. 2873929 COLLECTOR CAR TRADERONLINE.COM.

13. Since CYCLE TRADER is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration Nos. 2294240 and 1627016.

14. Since CYCLE, BOAT & RV TRADER is a generic phrase, Counter-Defendants are not entitled to Registration No. 1450707.

15. Since LUXURY CAR TRADER is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration No. 2700080.

16. Since MUSCLE & SPORTS CAR TRADER is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration No. 2415322.

17. Since OLD CAR TRADER is a generic phrase, Counter-Defendants are not entitled to Registration Nos. 1911290 and 2348530.

18. Since PICK-UP TRADER is a generic phrase, Counter-Defendants are not entitled to Registration Nos. 1644398 and 2295507.

19. Since RV TRADER is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration Nos. 2294239 and 1822663.

20. Since RV TRADERONLINE.COM is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration No. 2876679.

21. Since SPORTSCAR TRADER is a generic phrase, Counter-Defendants are not entitled to Registration No. 1449610.

22. Since TRADER ONLINE is a generic phrase, Counter-Defendants are not entitled to Registration No. 2302312.

23. Since TRUCK TRADER is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration No. 2817176.

24. Since TRUCK TRADERONLINE.COM is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration No. 2871209.

25. Since YACHT TRADER is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to Registration Nos. 1648145 and 2349954.

26. Since AUTO TRADER is a generic or merely descriptive phrase that has acquired no secondary meaning, Counter-Defendants are not entitled to registration of Application No. 78/579447 AUTOTRADER.COM, filed with the U.S. Trademark and Patent Office on December 10, 2004.

WHEREFORE, Defendant prays that:

1. This Court declare that each registration for Counter-Defendants' "TRADER Marks" is improper, and that this Court exercise its power under 15 U.S.C. § 1119 to order the Commissioner of Patents and Trademarks to cancel each and every such registration.

2. This Court declare that Counter-Defendants' Application No. 78/579447 for federal registration of AUTOTRADER.COM is improper, and that this Court exercise

its power under 15 U.S.C. § 1119 to order the Commissioner of Patents and Trademarks to refuse registration.

3. Counter-Plaintiff be awarded all costs incurred in connection with this suit, including reasonable attorneys' fees and expenses.

4. This Court grant such order and further relied as it shall deem just.

## JURY DEMAND

Defendant/Counter-Plaintiff demands a jury to try all issues triable of right by jury in this case.

Respectfully submitted:

/s/Joel T. Galanter
Joel T. Galanter
James E. Gaylord
Adams and Reese LLP
424 Church Street, Suite 2800
Nashville, Tennessee 37219
(615) 259-1450
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that service was made upon Robert J. Walker, Walker, Bryant, Tipps & Malone, 2300 One Nashville Place, 150 Fourth Avenue North, Nashville, TN 37219, electronically through the Electronic Filing System, this 27th day of February 2006.

/s/Joel T. Galanter
Joel T. Galanter